BURDSALL et al. v. KIEHL.

(Cattaraugus County Court. January 3, 1916.)

REPLEVIN ☜93—VERDICT—SUFFICIENCY.

In replevin for goods sold under a conditional contract of sale, a verdict: "We, the jury, find the defendant is entitled to the possession of the goods and that they be returned to him; that the value thereof is $———: and live up to the present lease"—is insufficient to support judgment for defendant, where he admitted that he had not paid for the goods.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 360–368, 371–375; Dec. Dig. ☜93.]

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Justice Court.

Replevin by Harrison S. Burdsall and another against Clarence A. Kiehl. From a judgment of the justice for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Ernest H. Woodruff, of Olean, for appellants.

Donald J. Wormer, of Olean, for respondent.

DOWD, J. This is an appeal from a judgment of a justice of the peace of the city of Olean, rendered after trial of the action before a jury.

The action is in replevin, and is brought by the plaintiffs to recover the possession of certain articles of household furniture, alleged to be sold by the plaintiffs to the defendant under a conditional contract of sale, by the terms of which the title to the property should remain in the vendees until paid in full. The jury rendered a verdict in writing, which is attached to the return, and which reads as follows:

"We find the defendant is entitled to the possession of the goods and that they be returned to him; that the value thereof is $———: and live up to the present lease."

This verdict is such a peculiar one that it is difficult to understand what the jury meant by it. If the jury's finding was that the parties were to live up to the lease in question, then under the lease, the defendant having failed to keep up his payments on the property covered by the lease, the plaintiffs, and not the defendant, were entitled to the possession of the goods. To affirm this judgment would, in effect, be to award the possession of the property to the defendant, a thing which the defendant is not entitled to unless the defendant has paid for the goods, a thing which the defendant does not claim to have done. This court is so satisfied that the jury misconstrued the issues which they were called upon to decide, and rendered a verdict which they had no right to render, that we believe the ends of justice will be best served by sending the case back for trial before the same justice.

Judgment reversed, and a new trial ordered before G. F. Kelsey, justice of the peace, city of Olean. New trial to be held on the 8th day of January, 1916, at 10 o'clock in the forenoon.